# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-11-82-JHP ) |
| BUDDY WAYNE PORTERFIELD, | ) ) |
| Defendant. | ) ) |

## ORDER

Before the Court are Defendant's Motion to Dismiss Count One[1] and the Government's Response to Defendant's Motion to Dismiss Count One.[2] Defendant moves to dismiss Count One of the Indictment, claiming this count is barred by the six year statute of limitations on criminal prosecution in 26 U.S.C. §7201.[3]

For the offense of willfully attempting to evade tax, the indictment must be instituted within six years of the offense.[4] The law is quite clear, however, that "when a defendant commits a series of evasive acts over several years after incurring a tax liability, the statute of limitations begins to run on the date of the last evasive act."[5] "An affirmative act of evasion requires more than the passive failure to file a tax return; rather, it requires a positive act of commission designed to

---

[1] Docket No. 39.

[2] Docket No. 42.

[3] Motion to dismiss Count One at 1, Docket No. 39.

[4] See 26 U.S.C. § 6531(2), (6), & (8); *U.S. v. Thompson*, 518 F.3d 832, 856 (10th Cir.2008).

[5] *Thompson*, 518 F.3d at 856 (*citing United States v. Anderson*, 319 F.3d 1218, 1219 (10th Cir.2003)).

mislead or conceal."[6]

The instant Indictment, it was returned on December 6, 2011.[7] The Indictment charged five counts of Attempting to Evade or Defeat Tax, pursuant to 26 U.S.C. §7201.[8] Count One of the Indictment states as follows:

> On or about April 30, 2005, in the eastern District of Oklahoma, **PORTERFIELD**, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America, for the purpose of concealing additional unreported taxable income received by **PORTERFIELD** during calendar year 2004 as more specifically stated in paragraphs 1-12 of this Indictment, in violation of Title 26, United States Code, Section 7201.[9]

Based on the offense date and the Indictment alone, it would appear that Count One of the indictment is barred by the statute of limitations. However, the Government alleges that Defendant committed a series of affirmative evasive acts to conceal the alleged evasion. These acts include providing fraudulent checks to an Internal Revenue agent on August 24, 2007 in order to show non-existant gift income and providing false information about those checks to another agent on April 2, 2009.[10]

As the Indictment includes allegations of continuing evasive acts regarding Count One as late as April 2, 2009, Defendant cannot demonstrate that Count One is barred by 26 U.S.C. § 6531's statute of limitations. Therefore, dismissal of Count One of the Indictment is improper. Defendant's Motion to Dismiss Count One of the Indictment is **DENIED**.

---

[6]*Id.* (*internal quotation omitted*).

[7]Docket No. 2.

[8]*Id.*

[9]*Id.* at 3.

[10]Indictment at 1-2, Docket No. 2; Government's Response to Plaintiff's Motion to Dismiss Count One at 1-2, docket No. 42.

DATED this 29th day of February, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma